## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION

**REBECCA D. TILTON,**                          )
                                                )
    **Plaintiff,**                            )
                                                )
**v.**                                          )
                                                )   **CASE NO.:** 3:15cv939CWR-LRA
**NATIONAL UNION FIRE INSURANCE**               )   _____
**COMPANY OF PITTSBURGH, PA, AIG**              )
**LIFE INSURANCE COMPANY, AND**                 )
**CHARTIS INSURANCE,**                          )

    **Defendants.**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

DEC 29 2015

ARTHUR JOHNSTON
BY_____ DEPUTY

### JOINT NOTICE OF REMOVAL

COMES NOW Defendants National Union Fire Insurance Company of Pittsburgh, PA

("NUFIC"), American General Life Insurance Company ("American General"), formerly known

as AIG Life Insurance Company, and Chartis Insurance ("Chartis") (collectively referred to as

"Defendants") and give notice that the case captioned *Rebecca D. Tilton v. National Union Fire*

*Insurance Company of Pittsburgh, PA, AIG Life Insurance Company, and Chartis Insurance*, is

hereby removed from the Circuit Court of Madison County, Mississippi, where it is pending as

Case No. 45CI1:15-cv-00283-c, to the United States District Court for the Southern District of

Mississippi, Northern Division.  This cause is removable pursuant to 28 U.S.C. § 1331 and the

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA") because

Plaintiff's Complaint presents a federal question.  The grounds for removal are as follows:

    1.    Rebecca Tilton ("Plaintiff") commenced this civil action in the Circuit Court of

Madison County, Mississippi, on or about November 12, 2015.  A true and correct copy of all

process and pleadings as filed in the Circuit Court of Madison County, Mississippi are attached

hereto as Exhibit "A".

2.     This Notice of Removal is being filed within thirty (30) days after receipt by Defendants of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3.     The United States District Court for the Southern District of Mississippi, Northern Division is the federal judicial district embracing the Circuit Court of Madison County, Mississippi, where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. §§ 104(b) and 1441(a).

## FEDERAL QUESTION JURISDICTION

4.     Plaintiff alleges in her Complaint that she is due benefits under Policy No. PAI 8063708 (the "Policy"), a group accidental death and dismemberment ("AD&D") policy issued by AIG Life Insurance Company, now known as American General Life Insurance Company, to Southern Company Services, Inc. ("Southern Company Services")[1].  (*See* Compl. at ¶¶ 8-10). The Policy at issue in this case insured the AD&D component of Southern Company Services' employee welfare benefit plan (the "Plan").  A copy of the Policy is attached hereto as Exhibit "B."

5.     Plaintiff's claim for benefits follows the death of John Tilton, Jr., an employee of Southern Company Services and a participant in the Plan.  (*See* Compl. at ¶¶ 7-8).

6.     Plaintiff's action against Defendants could have been originally filed in this Court pursuant to 29 U.S.C. § 1132 in that Plaintiff seeks, *inter alia*, to recover benefits under an employer-sponsored plan governed by ERISA and for conduct related to the denial of benefits allegedly due to her under such employer-sponsored plan.

---

[1]    Although Plaintiff's Complaint purports to seek "life insurance benefits", the Policy at issue in this lawsuit and the Policy referenced in Plaintiff's Complaint insureds and provides Accidental Death and Dismemberment benefits.

7.     The ERISA statute provides that a civil action may be brought by a participant or beneficiary under § 502(a)(1)(B) of ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Plaintiff's claims in her Complaint fall squarely within the ERISA's civil enforcement provisions.

8.     Although Plaintiff's Complaint purports to assert state law claims, the well-pleaded complaint rule is qualified by the doctrine of complete preemption. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). In *Davila*, the Supreme Court set out the following test for complete preemption under ERISA:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Davila*, 542 U.S. at 210. Therefore, in order for complete preemption to apply, "*Davila* requires inquiry into (1) whether [the plaintiff] **could have brought [her] claim under § 502(a)**; and (2) whether no other legal duty supports [plaintiff's] claim." *Smith v. Hartford Life & Accident Ins. Co.*, 2011 WL 1402880, at *3 (S.D. Miss. Apr. 13, 2011) (emphasis added).

9.     Each of these two elements is readily satisfied in this case. First, Plaintiff's claims falls squarely within the scope of § 502(a)(1)(B) as she is, in addition to other claims, expressly seeking benefits under the Policy and Plan. (*See* Compl. at ¶¶ 8-9, 13). Specifically, Plaintiff alleges:

8.     The said John Tilton, Jr., the decedent, was covered under the Southern Company Services, Inc. Group Life Insurance Policy ["Southern Company Policy"] issued by AIG Life Insurance Company, Chartis Insurance, and/or National Life, policy number PAI 8063708. . . .

9.     AIG Life Insurance Company, Chartis Insurance, and/or National Life has refused to pay the life insurance benefits due and owing under the subject life insurance policy and this wrongful refusal constitutes a breach of contract, which has proximately damaged Plaintiff, entitling her to an award of damages against the Defendants . . .

. . .

13.    The Plaintiff also request that this Court enter an order requiring the Defendants . . . to specifically and fully perform the referenced contract of insurance and pay to the Plaintiff any and all benefits due thereunder, including all applicable interest at the proper rate, all costs of court, and any other damages to which Plaintiff may be entitled.

Compl. at ¶¶ 8 – 9, 13. Such allegations directly concern benefits under the Policy and Plan that fall within the scope of ERISA.

10.    Plaintiff could have brought her claims under § 502(a) in her capacity as an alleged beneficiary as defined by ERISA. *See* 29 U.S.C. § 1002(8).

11.    Second, there is no separate legal duty supporting Plaintiff's claims because those claims arise out of an ERISA-governed Plan and directly relate to the allegedly improper denial of her claim for Plan benefits. In other words, the duty upon which Plaintiff's claims are based cannot exist independently of the Plan. Accordingly, both prongs of the Davila test for complete preemption are met in this case.

12.    Besides complete preemption under ERISA § 502(a) (29 U.S.C. § 1132(a)), ERISA also preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." See 29 U.S.C. § 1144(a). Claims "relate to" an ERISA plan if they have

"a connection with or reference to" an employee benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). *See, e.g., Sanford v. TIAA-CREF Individual & Institutional Servs., LLC*, No. 2:11-CV-122-KS-MTP, 2012 WL 627994, at \*3 (S.D. Miss. Feb. 24, 2012) (finding that Plaintiff's state law claims for fraud, breach of the covenant of good faith and fair dealing, breach of contract, tortious breach of contract, bad faith, breach of fiduciary duty, negligence, and gross negligence were preempted by ERISA); *Smith*, 2011 WL 1402880 (S.D. Miss. Apr. 13, 2011) (finding Plaintiff's state law claims for breach of contract, fraud, intentional and/or negligent misrepresentation, breach of fiduciary duty, and negligence to be preempted by ERISA).

13.     The District Courts of the United States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. § 1331 without respect to the amount in controversy or the citizenship of the parties. Plaintiff's claims in this action arise from the denial of her claim for benefits under the ERISA-governed Policy; therefore, this action is clearly preempted by ERISA, within this Court's federal question jurisdiction, and removable to the United States District Court for the Southern District of Mississippi, pursuant to the provisions of 28 U.S.C. § 1441(a).

## MISCELLANEOUS

14.     This suit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

15.     The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

16.     Defendants have not sought similar relief with respect to this matter.

17.     Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

18.    A true and correct copy of this Notice of Removal will promptly be filed with the Clerk of the Circuit Court of Madison County, Mississippi, as provided by law.

19.    The allegations of this Notice are true, correct, and within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division, and this cause is removable to the United States District Court for the Southern District of Mississippi, Northern Division.

20.    Should any question arise as to the propriety of the removal of this action, Defendants respectfully requests the opportunity to submit a brief and present oral argument to show that this case clearly is removable under controlling federal law. *See Allen v. R&H Oil & Gas Co.*, 63 F3d 1326, 1336 (5th Cir. 1995).

WHEREFORE, PREMISES CONSIDERED, Defendants National Union Fire Insurance Company of Pittsburgh, PA, American General Life Insurance Company, formerly known as AIG Life Insurance Company, and Chartis Insurance, desiring to remove this civil action to the United States District Court for the Southern District of Mississippi, Northern Division – the District encompassing the county in which such civil action is pending – pray that the filing of this Notice of Removal shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted on this the 29th day of December, 2015,

s/ Ollie A. Cleveland, III
Ollie A. ("Tres") Cleveland, III
MS Bar# 101178
William B. Wahlheim, Jr.
(application for admission *pro hac vice* to be filed)
*Attorneys for Defendants*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400, Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000
(205) 254-1999
tcleveland@maynardcooper.com
wwahlheim@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 29th day of December, 2015.

Al Shiyou
**Shiyou Law Firm**
P.O. Box 310
Hattiesburg, MS 39403-0310
*Attorney for Plaintiff*

Ollie A. Cleveland, III
OF COUNSEL