# EXHIBIT A

IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

REBECCA D. TILTON                         PLAINTIFF

VS.                                       CAUSE NO. CI2015-283JC

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
AIG LIFE INSURANCE COMPANY, and
CHARTIS INSURANCE                     DEFENDANTS

[FILED THIS DAY NOV 12 2015 LEE WESTBROOK CIRCUIT CLERK]

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW, the Plaintiff, Rebecca D. Tilton, by and through counsel, and file this, her Complaint against the Defendants, National Union Fire Insurance Company of Pittsburgh, PA, AIG Life Insurance Company, and Chartis Insurance and in support thereof, would show and state the following:

1. The Plaintiff, Rebecca D. Tilton, is an adult resident citizen of the State of Mississippi, Madison County.

2. The Defendant, National Union Fire Insurance Company of Pittsburgh, PA, hereafter, "National Life," is a foreign corporation incorporated in New York with its principal place of business in New York, and is not duly licensed to do business in the State of Mississippi, and thus may be served with process of this Court by serving the Commissioner of Insurance for the State of Mississippi in the time and manner prescribed by law.

3. The Defendant, AIG Life Insurance Company, hereafter, referred to as "AIG Life" is a subsidiary of American International Group, Inc. (Commonly known as AIG) a foreign corporation incorporated in New Jersey with its principal place of business in New York, and is

not duly licensed to do business in the State of Mississippi, and thus may be served with process of this Court by serving the Commissioner of Insurance for the State of Mississippi in the time and manner prescribed by law.

4. The Defendant, Chartis Insurance, hereafter, referred to as "Chartis" is a Subsidiary of American International Group, Inc. (Commonly known as AIG) a foreign corporation incorporated in New Jersey with its principal place of business in New York, and is not duly licensed to do business in the State of Mississippi, and thus may be served with process of this Court by serving the Commissioner of Insurance for the State of Mississippi in the time and manner prescribed by law.

5. This Court has jurisdiction over the subject matter and parties hereto.

6. On or about November 13, 2012, John Tilton, Jr. departed this life in Hinds County, Mississippi; at the time of his death, the decedent maintained a fixed place of residence in Madison County, Mississippi.

7. John Tilton, Jr., the decedent, died in the crash of an airplane in which he was traveling, said crash occurring in Hinds County, Mississippi, on or about November 11, 2012. The causes of death were the direct result of the crash.

8. The said John Tilton, Jr., the decedent, was covered under the Southern Company Services, Inc. Group Life Insurance Policy ["Southern Company Policy"] issued by AIG Life Insurance Company, Chartis Insurance, and/or National Life, policy number PAI 8063708. It is verily believed that Chartis Insurance is an administrative unit of AIG Life Insurance Company responsible for administering the claims process of the Policy. Rebecca D. Tilton, Plaintiff herein has previously requested a copy of the life insurance policy in effect at the time of the decedent's death, but no policy has been furnished to Plaintiff; therefore, the Plaintiff is unable

to affix a copy of said policy as an exhibit to this complaint, but will request same from the Defendants with the discovery requests to be filed herein.

9. AIG Life Insurance Company, Chartis Insurance, and/or National Life, has refused to pay the life insurance benefits due and owing under the subject life insurance policy and this wrongful refusal constitutes a breach of contract, which has proximately damaged Plaintiff, entitling her to an award of damages against the Defendants, AIG Life Insurance Company, Chartis Insurance, and/or National Life.

10. AIG Life Insurance Company, Chartis Insurance, and/or National Life has refused to pay the life insurance benefits due and owing under the subject life insurance policy and this wrongful refusal constitutes a tortious breach of contract, which has proximately damaged Plaintiff, entitling her to an award of damages against the Defendants, AIG Life Insurance Company, Chartis Insurance, and/or National Life.

11. The referenced actions of the Defendants were wrongful, unjustified and so egregious as to justify an award to Plaintiff for actual damages, consequential damages, attorney's fees and expenses, all applicable interest at the proper rate, all costs of court, and any other damages to which Plaintiff may be entitled.

12. The referenced actions of the Defendants constitute a breach of the implied Covenant of good faith and fair dealing inherent in every contract, which said breach has proximately damaged Plaintiff, entitling her to an award of damages against the Defendants, AIG Life Insurance Company, Chartis Insurance, and/or National Life, including actual damages, consequential damages, attorney's fees and expenses, all applicable interest at the proper rate, all costs of court, and any other damages to which Plaintiff may be entitled.

13. The Plaintiff also requests that this Court enter an order requiring the Defendants,

AIG Life Insurance Company, Chartis Insurance, and/or National Life, to specifically and fully perform the referenced contract of insurance and pay to the Plaintiff any and all benefits due thereunder, including all applicable interest at the proper rate, all costs of court, and any other damages to which Plaintiff may be entitled.

14. The Plaintiff requests such other and further relief as may be appropriate in the premises.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Rebecca D. Tilton demands judgment of and from the Defendants, AIG Life Insurance Company, Chartis Insurance, and/or National Union Fire Insurance Company of Pittsburgh, PA, for the damages and relief claimed and referenced above, plus all applicable interest at the proper rate, attorneys' fees and expenses, and all costs of court accruing herein, and for whatever else relief to which she may be entitled.

Respectfully submitted this the 6th day of November, 2015.

                                              Rebecca D. Tilton,
                                              PLAINTIFF

By: _____
      AL SHIYOU, Of Counsel for Plaintiff

AL SHIYOU, MB# 6760
SHIYOU LAW FIRM
P. O. BOX 310
HATTIESBURG, MS 39403-0310
PHONE (601) 583-6040
FAX    (601) 583-6041
Attorneys for Plaintiff

# SHIYOU LAW FIRM
### ATTORNEYS AND COUNSELORS AT LAW

**AL SHIYOU**                                                              **CANDANCE L. RICKMAN**

November 6, 2015

Hon. Lee Westbrook
Madison County Circuit Clerk
Post Office Drawer 1626
Canton, Mississippi 39406

      *Re:*    *Rebecca D. Tilton vs.*
              *National Union Fire Insurance Company of Pittsburgh, PA, et al*

Dear Mr. Westbrook:

Enclosed you will find an original and a copy of a *Complaint*, to be filed by your office, in the above referenced.

Please return the copy to my office stamped "FILED" indicating thereon the date same was received by your office. A pre-addressed, stamped envelope is included for your convenience.

Thanking you for your continued assistance, I am

Sincerely,

AL SHIYOU

AS/lkd
Enclosure.

Case: 45CI1:15-cv-00283-c   Document #: 1   Filed: 11/12/2015   Page 6 of 6
FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Madison County

Case # CI 2015 0283      Acct #        Paid By CHECK 9149       Rct# 71117
------------------------------------------------------------------------
           CV CLERK'S FEE                          85.00
           CV LAW LIBRARY                           2.50
           CV COURT REPORTER TAX                   10.00
           CV COURT EDUCATION                       2.00
           CV COURT ADMINISTRATOR                   2.00
           CV CIVIL LEGAL ASSISTANCE FUND           5.00
           CV COMPREHENSIVE ELECTRONIC CT          10.00
           CV JURY TAX                              3.00
           CV CONSTITUENTS FE                        .50
           CV RECORDS MANAGEMENT PROGRAM            1.00
           CV-JUDICIAL SYS OPERATION FUND          40.00

                                              ============
                                   Total   $     161.00
------------------------------------------------------------------------

Payment received from AL SHIYOU


Transaction   59142   Received 11/12/2015 at 10:35   Drawer   3 I.D. DENDY
Current Balance Due                                  Receipt Amount $   161.00
By _____              Lee Westbrook, Circuit Clerk

Case # CI 2015 0283      Acct #        Paid By CHECK 9149       Rct# 71117

| COVER SHEET | Court Identification Docket # | Case Year Filed: 11/13/2015 | Docket Number Page 1 of 1 |
|---|---|---|---|
| Civil Case Filing Form Case: 45CI1:15-cv-00288 Document #: 1 (To be completed by Attorney/Party Prior to Filing of Pleading) | [4][5] [C][I] [1] County # Judicial Court ID District (CH, CI, CO) | [1][5] | [7][6][3] [J][C] Local Docket ID |
| Mississippi Supreme Court   Form AOC/01 Administrative Office of Courts   (Rev 2009) | [1][1] [1][3] [1][5] Month   Date   Year This area to be completed by clerk | | Case Number if filed prior to 1/1/94 |

In the **CIRCUIT** Court of **MADISON** County — Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: **Tilton** (Last Name)   **Rebecca** (First Name)   Maiden Name   **D.** M.I.   Jr/Sr/III/IV

___ Check (x) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check (x) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business: _____ Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated

___ Check (x) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff: **763 Versailles Dr., Ridgeland, MS 39157**

Attorney (Name & Address): **Al Shiyou, Shiyou Law Firm, P. O. Box 310, Hattiesburg, MS 39403**   MS Bar No. **6760**

___ Check (x) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual: _____ (Last Name)   _____ (First Name)   Maiden Name   M.I.   Jr/Sr/III/IV

___ Check (x) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

**X** Check (x) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency **National Union Fire Insurance Co of Pittsburgh, PA, et al**

Business: _____ Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated

___ Check (x) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known: _____   MS Bar No. _____

Damages Sought: Compensatory $ _____   Punitive $ _____   [ ] Check (x) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor | [ ] Eminent Domain |
| [ ] Divorce: Fault | [ ] Employment | [ ] Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other _____ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other _____ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other _____ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other _____ | **Torts** |
| [ ] Termination of Parental Rights | [ ] Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [X] Breach of Contract | [ ] Fraud |
| [ ] Other _____ | [ ] Guardianship | [ ] Installment Contract | [ ] Loss of Consortium |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Malpractice - Legal |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Medical |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other _____ | [ ] Mass Tort |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Negligence - General |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - Motor Vehicle |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Product Liability |
| [ ] Worker's Compensation | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Subrogation |
| [ ] Other _____ | [ ] Other _____ | [ ] Injunction or Restraining Order | [ ] Wrongful Death |
| | | [ ] Other _____ | [ ] Other _____ |

Case: 45CI1:15-cv-00283-c   Document #: 2   Filed: 11/20/2015   Page 1 of 1

## SUMMONS
### (PROCESS SERVER)

### IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

**REBECCA D. TILTON**  PLAINTIFF

**VERSUS**  CAUSE NO: CI 2015-283-JC

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
AIG INSURANCE COMPANY and
CHARTIS INSURANCE**  DEFENDANT

### PROOF OF SERVICE
### SUMMONS

THE STATE OF MISSISSIPPI

TO:   AIG Life Insurance Company
     % MS Insurance Department
     501 North West Street
     Jackson, MS 39201

### NOTICE TO DEFENDANT
**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

     You are required to mail or hand-deliver a copy of a written response to the Complaint to AL SHIYOU, P.O. Box 310, Hattiesburg, MS 39403, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by Default will be entered against you for the money or other things demanded in the Complaint.
     You must also file the original or your response with the Clerk of this Court within a reasonable time afterward.
     Issued under my hand and seal of said Court, this _____ day of November, 2015.

MADISON COUNTY CIRCUIT CLERK

(SEAL)

BY: _____, D.C.

AL SHIYOU
SHIYOU LAW FIRM
MSB #6760
P. O. BOX 310
HATTIESBURG, MS 39403
(601) 583-6040

SUMMONS
(PROCESS SERVER)

IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

REBECCA D. TILTON                                                           PLAINTIFF

VERSUS                                                    CAUSE NO: CI 2015-283-JC

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
AIG INSURANCE COMPANY and
CHARTIS INSURANCE                                                      DEFENDANT

PROOF OF SERVICE

SUMMONS

THE STATE OF MISSISSIPPI

TO:   Chartis Insurance
      % MS Insurance Department
      501 North West Street
      Jackson, MS 39201

NOTICE TO DEFENDANT
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to AL SHIYOU, P.O. Box 310, Hattiesburg, MS 39403, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by Default will be entered against you for the money or other things demanded in the Complaint.
You must also file the original or your response with the Clerk of this Court within a reasonable time afterward.
Issued under my hand and seal of said Court, this _____ day of November, 2015.

                                    MADISON COUNTY CIRCUIT CLERK

(SEAL)

                                    BY: _____, D.C.

AL SHIYOU
SHIYOU LAW FIRM
MSB #6760
P. O. BOX 310
HATTIESBURG, MS 39403
(601) 583-6040

Case: 45CI1:15-cv-00283-c   Document #: 4   Filed: 11/20/2015   Page 1 of 2

## SUMMONS
### (PROCESS SERVER)

### IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

**REBECCA D. TILTON**                                                           **PLAINTIFF**

**VERSUS**                                                   **CAUSE NO: CI 2015-283-JC**

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,
AIG INSURANCE COMPANY and
CHARTIS INSURANCE**                                                           **DEFENDANT**

### PROOF OF SERVICE
### SUMMONS

THE STATE OF MISSISSIPPI

TO:   National Union Fire Insurance Company of Pittsburgh, PA
      % MS Insurance Department
      501 North West Street
      Jackson, MS 39201

### NOTICE TO DEFENDANT
**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to AL SHIYOU, P.O. Box 310, Hattiesburg, MS 39403, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by Default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original or your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this _____ day of November, 2015.

MADISON COUNTY CIRCUIT CLERK

(SEAL)

BY: _____, D.C.

AL SHIYOU
SHIYOU LAW FIRM
MSB #6760
P. O. BOX 310
HATTIESBURG, MS 39403
(601) 583-6040

## SHIYOU LAW FIRM
### ATTORNEYS AND COUNSELORS AT LAW

AL SHIYOU                                                              CANDANCE L. RICKMAN

November 16, 2015

Hon. Lee Westbrook
Madison County Circuit Clerk
Post Office Drawer 1626
Canton, Mississippi 39406

    *Re:*   *Rebecca D. Tilton vs.*
          *National Union Fire Insurance Company of Pittsburgh, PA, et al*
          *Cause No: CI 2015-283-JC*

Dear Mr. Westbrook:

Enclosed you will find an original and two (2) copies of three (3) separate Rule 4 Summons, to be issued by your office, in the above referenced.

Please return the copies to my office stamped "ISSUED" indicating thereon the date same was received by your office. A pre-addressed, stamped envelope is included for your convenience.

Thanking you for your continued assistance, I am

Sincerely,

AL SHIYOU

AS/lkd
Enclosure.

POST OFFICE BOX 310    301 WEST PINE STREET
HATTIESBURG, MISSISSIPPI 39403
PHONE: 601-583-6040    FACSIMILE: 601-583-6041

IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

Rebecca D. Tilton                                   PLAINTIFF(S)

FILED
NOV 20 2015
LEE WESTBROOK
CIRCUIT CLERK

VS.                                CIVIL ACTION NO. CI-2015-0283-JC

National Union Fire Ins. Co.                        DEFENDANT(S)

### ORDER REGARDING MOTION HEARINGS AND BRIEFING

THIS CAUSE is before the Court *sua sponte* in relation to motion hearings and briefing, and the Court finds that pursuant to M.R.C.P. 78 all motions, except at the Court's discretion, should be determined without oral argument upon brief written statements of reasons in support and opposition, but the moving party should be required to notice all motions for hearing on a date after the memorandum and briefing will have been completed, and counsel should be required to appear on that date and be prepared to make oral argument.

The Court further finds that the responding party should be placed on notice that the failure to timely respond the motion may result in the motion being granted prior to the date the motion has been noticed for hearing.

The Court further finds that after having previously experienced problems with parties either not filing, or not timely filing memorandum or briefs, the result of which adversely impacted the Court's docket, the parties should be required to timely file memorandum or briefs as ordered herein.

The Court further finds that the parties should be required to file any affidavit supporting a

motion with the motion and any opposing affidavit with the related reply or rebuttal.

The Court further finds that with respect to motions to dismiss or for summary judgment the parties should be required to comply with the memorandum or briefing schedule set forth in URCCC 4.03 2., as modified by the Administrative Procedures for Mississippi Electronic Courts Section 3. A. 1. The Court further finds that the parties should be required to set forth in a separate pleading or distinctly set forth in the motion the itemization of the facts relied upon and not genuinely disputed.

The Court further finds that with respect to all other motions, except motions for a default judgment, the parties should be required to comply with the encouraged memorandum or briefing schedule set forth in the second paragraph of URCCC 4.03 3., as modified by the Administrative Procedures for Mississippi Electronic Courts Section 3. A. 1.

IT IS THEREFORE ORDERED AND ADJUDGED that all motions, except at the Court's discretion, shall be determined without oral argument upon brief written statements of reasons in support and opposition.

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall be and hereby required to file any affidavit supporting a motion with the motion and any opposing affidavit with the related reply or rebuttal.

IT IS FURTHER ORDERED AND ADJUDGED that with respect to motions to dismiss or for summary judgment the parties shall be and hereby are required to comply with the memorandum or briefing schedule set forth in URCCC 4.03 2., as modified by the Administrative Procedures for Mississippi Electronic Courts Section 3. A. 1., and the parties shall be and hereby are required to set forth in a separate pleading or distinctly set forth in the motion the itemization of the facts relied upon and not genuinely disputed.

IT IS FURTHER ORDERED AND ADJUDGED that with respect to all other motions, except motions for a default judgment, the parties shall be and hereby are required to file memoranda or briefs on the schedule set forth in the second paragraph of URCCC 4.03 3., as modified by the Administrative Procedures for Mississippi Electronic Courts Section 3. A. 1.

IT IS FURTHER ORDERED AND ADJUDGED that, notwithstanding the above finding and ruling that all motions, except at the Court's discretion, should be determined without oral argument upon brief written statements of reasons in support and opposition, the moving party shall be and hereby is required to notice all motions for hearing on a date after the memorandum and briefing will have been completed, and counsel shall be and hereby are required to appear and be prepared to make oral argument.

IT IS FURTHER ORDERED AND ADJUDGED that the responding party shall be and hereby is placed on notice that the failure to timely respond the motion may result in the motion being granted prior to the date the motion has been noticed for hearing.

IT IS FURTHER ORDERED AND ADJUDGED that, in addition to filing a notice of hearing on MEC, the parties shall be and hereby are required to email a copy thereof to the Court Administrator at pat.green@madison-co.com.

SO ORDERED AND ADJUDGED this 20 day of November, 2015

_____
CIRCUIT JUDGE

3

Case: 45CI1:15-cv-00283-c   Document ...   Filed: 12/02/2015   Page 1 of 1

**MIKE CHANEY**
Commissioner of Insurance
State Fire Marshal

**MARK HAIRE**
Deputy Commissioner of Insurance

**RICKY DAVIS**
State Chief Deputy Fire Marshal

**MISSISSIPPI INSURANCE DEPARTMENT**
501 N. WEST STREET, SUITE 1001
WOOLFOLK BUILDING
JACKSON, MISSISSIPPI 39201
www.mid.ms.gov

**FILED**
DEC 02 2015
LEE WESTBROOK
CIRCUIT CLERK

MAILING ADDRESS
Post Office Box 79
Jackson, Mississippi 39205-0079
TELEPHONE: (601) 359-3569
FAX: (601) 359-2474

November 30, 2015

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
91 7199 9991 7031 3205 1406

National Union Fire Insurance Company of Pittsburgh, PA
C/O United States Corporation Company
506 South President Street
Jackson, MS 39201

In Re: Civil Action No: CI15-0208
Rebecca Tilton vs. National Union Fire Insurance Company of Pittsburgh, PA, AIG Insurance Company and Chartis Insurance, in the Circuit Court of Madison County, Mississippi

Dear Sir/Madam:

Please find enclosed copy of summons, complaint, and accompanying pleadings, if any, in the above-styled cause, which have was served on the Commissioner of Insurance at 1:36 p.m. on November 30, 2015.

Sincerely

MIKE CHANEY
COMMISSIONER OF INSURANCE,

BY _____
Mary Ellen Dillard
Secretary to Commissioner and
Legal Process Clerk

MC/med
Enclosures
Pc: Honorable Lee Westbrook

**SUMMONS**
**(PROCESS SERVER)**

## IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

**REBECCA D. TILTON**                                                        **PLAINTIFF**

**VERSUS**                                                    **CAUSE NO: CI 2015-283-JC**

**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**
**AIG INSURANCE COMPANY and**
**CHARTIS INSURANCE**                                                        **DEFENDANT**

### PROOF OF SERVICE

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   Chartis Insurance
      ℅ MS Insurance Department
      501 North West Street
      Jackson, MS 39201

### NOTICE TO DEFENDANT
**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to AL SHIYOU, P.O. Box 310, Hattiesburg, MS 39403, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by Default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original or your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 20 day of November, 2015.

MADISON COUNTY CIRCUIT CLERK

BY: _____, D.C.

(SEAL)

AL SHIYOU
SHIYOU LAW FIRM
MSB #6760
P. O. BOX 310
HATTIESBURG, MS 39403
(601) 583-6040

**PROOF OF SERVICE - SUMMONS**
(PROCESS SERVER)

Christis Insurance c/o MS Insurance Dept / Mary Ellen Dillard
_____
Name of Person or Entity Served

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

_X_ PERSONAL SERVICE. I personally delivered copies to Christis Ins. %MS Ins on the / Mary Ellen 30th day of November, 2015, where I found said person in Hinds County of the State of Mississippi. Dillard

____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____ (state). I served the Summons and Complaint on the ___ day of _____, 2015, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Complaint, and thereafter on the ___ day of _____, 2015, I mailed (by first class mail, postage prepaid) copies to the person served at his or her delivery to the person served at his or her usual place of abode where the copies were left.

____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served.)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $ 45.00
Process service must list below: (Please print or type)
Name Sherrill Pearson                Social Security No. XXX-XX-XXXX
Address P.O. Box 546
        Ridgeland, MS 39158           Telephone No. 601-540-3597

STATE OF MISSISSIPPI
COUNTY OF Rankin
Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named Sherrill Pearson who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service - Summons" are true and correct as therein stated.

Sherrill Pearson
_____
Process Server signature

Sworn to and subscribed before me this the 3rd day of December, 2015.

(SEAL)                            Tyler H. Miller
My Commission Expires:            NOTARY
ID No 73761
NOTARY PUBLIC
Comm Expires
April 24, 2016